**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YOCASTA SALDIVAR o/b/o M.D. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-5369 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                         SEPTEMBER 18, 2008

        Before the court for consideration is plaintiff's brief and statement of issues in support of

request for review (Doc. No. 13) and the response and reply thereto (Doc. Nos. 14, 15).  The court makes

the following findings and conclusions:

        1.        On February 4, 2004, Yocasta Saldivar on behalf of M.D. ("M.D.") protectively
filed for child supplemental security income ("CSSI") under Title XVI of the Social Security Act, 42
U.S.C. §§ 1381-1383f, alleging an onset date of February 1, 2004.  (Tr. 149-50; 179).  After a initial
denial of benefits, administrative hearings on January 19, 2005 and April 6, 2005, and the ALJ's May
23, 2005 decision denying benefits, the Appeals Council vacated and remanded the case.[1]  (Tr. 47-58;
118-19; 120-23; 141-44).  A supplemental hearing was held on April 9, 2007, after which the ALJ issued
a decision denying benefits and the Appeals Council denied M.D.'s request for review.  (Tr. 6-8; 16-29).
Pursuant to 42 U.S.C. § 405(g), on December 27, 2007, M.D. filed her complaint in this court seeking
review of that decision.

        2.        In her decision, the ALJ concluded that M.D.'s attention deficit disorder and
major depressive disorder constituted severe impairments.  (Tr. 23 ¶ 6; 28 Finding 2).[2]  The ALJ further
concluded that M.D.'s impairments did not meet or medically or functionally equal a listing and that she
was not disabled.  (Tr. 24 ¶ 1; 28 ¶¶ 6-7; 29 Findings 4-6).

        3.        The Court has plenary review of legal issues, but reviews the ALJ's factual
findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc.
Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such
relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson
v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938));
see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but
may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  If the
conclusion of the ALJ is supported by substantial evidence, this court may not set aside the

---

[1]On June 29, 2005, M.D. protectively filed a subsequent SSI claim, which the Appeals Council ordered the
ALJ to consolidate with the February 4, 2004 claim.  (Tr. 144; 215-17).

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v.
Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

          4.      M.D. raises numerous arguments in which she alleges that the determinations by
the ALJ were either not supported by substantial evidence or were legally erroneous.  Because the
Commissioner did not apply the proper legal standards and because his determination is not supported
by substantial evidence, I must remand to allow the Commissioner to conduct the proper analysis.

          A.      M.D. argues that the ALJ erred in rejecting the opinion of her treating
psychiatrist, Kenneth Draper, M.D. ("Dr. Draper").  I first note that a treating physician is only provided
controlling weight when his opinion is well supported by medically acceptable sources and not
inconsistent with other substantial evidence in the record.  20 C.F.R. § 416.927(d)(2).  "Where . . . the
opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ
may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason'" Morales
v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer, 186 F.3d at 429).

          The ALJ rejected Dr. Draper's conclusions that M.D. had marked
limitations in caring for herself and interacting and relating with others based on the opinions of the
State agency psychological consultants from April 28, 2004 and September 12, 2005, along with the
March 18, 2004 report from M.D.'s teacher, and the medical record.  (Tr. 26 ¶¶ 2-5; 186-93; 283-88;
410-15; 581-82).  As the ALJ noted, however, M.D. was hospitalized after a suicide attempt in February
of 2005 and a suicide threat in May of 2006.  (Tr. 25 ¶ 8).  20 C.F.R. § 416.926a(k)(3)(iv) provides that
an example of limited functioning in caring for yourself is "self-injurious behavior" such as "suicidal
thoughts or actions."  Thus, it is important to note that one of the State agency consultants and the
teacher were not aware of any self-injurious behavior by M.D., and the other State agency consultant was
only aware of the suicide attempt.  Dr. Draper was the only one who evaluated M.D.'s ability to care for
herself with full knowledge of her self-injurious behavior.  Although the ALJ stated that the medical
record from 2007 revealed M.D.'s symptoms were controlled by medication, the treatment notes from
January of 2007 state that M.D. was still sad, melancholic, and lonely with death wishes, low self-
esteem, and difficulty falling and staying asleep.  (Tr. 26 ¶ 4; 627).  Although the ALJ noted a GAF of
60, denoting moderate symptoms, the ALJ failed to note that M.D.'s GAF scores ranged from 10-60,
with most scores indicating serious to moderate limitations.[3]  (Tr. 311; 419; 465; 469; 575; 579; 585;
610; 627).

          Additionally, 20 C.F.R. § 416.926a(i)(3) provides that examples of
limitations in interacting and relating with others are having no close friends, withdrawing from people
you know, being fearful or anxious of meeting new people, and difficulty communicating with others.
Such behavior was reflected periodically throughout the record.  (Tr. 311; 313; 314; 345; 347; 360; 364;
367; 372-73; 428; 430; 451; 453; 462; 532; 536; 540; 547; 556; 558; 572; 666).  Since the ALJ found
Dr. Draper's conclusions "somewhat unclear" and "without a word of rationale" and it is not clear if the
ALJ's conclusions were supported by substantial evidence, the ALJ should have recontacted Dr. Draper
for clarification pursuant to 20 C.F.R. § 416.912(e).  (Tr. 26 ¶ 4).

          B.      The above analysis demonstrates that the ALJ failed to fully consider the

---

[3]The ALJ also failed to mention the intensity of M.D.'s treatment between her suicide attempt and suicide
threat, in that M.D. had repeated visits by therapists to her home and school to try and resolve her depressive
symptoms.  (Tr. 483-580).

record before her, and thus, the court will not make a ruling on M.D.'s remaining arguments regarding whether or not the ALJ erred in determining that M.D. had less than marked limitations in interacting and relating with others and caring for herself.

       5.     Therefore, this case must be remanded in order for the ALJ to supplement her decision in a manner consistent with this opinion.

       An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YOCASTA SALDIVAR o/b/o M.D. | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  07-5639 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**ORDER**

AND NOW, this 18th day of September, 2008, upon consideration of the brief in support

of review filed by plaintiff and the response and reply thereto (Doc. Nos. 13, 14, 15) and having found

after careful and independent consideration of the record that the Commissioner did not apply the correct

legal standards and that the record does not contain substantial evidence to support the ALJ's findings of

fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under

sentence four of 42 U.S.C. § 405(g).  Therefore, for the reasons set forth in the memorandum above, it is

hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED REVERSING THE DECISION OF THE
   COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and
   the relief sought by Plaintiff through her brief is **GRANTED** to the extent that the matter
   is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.


Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.